# Steve Zissou
### Steve Zissou & Associates
Attorneys at Law
42-40 Bell Boulevard, Suite 302
Bayside, New York 11361

Office    (718) 279-4500
Facsimile (718) 281-0850

Email: stevezissou@verizon.net

**By ECF**

March 15, 2013

Alixandra E. Smith
United States Attorney's Office
271 Cadman Plaza East
Brooklyn, NY 11201

     Re:   *USA v. Paul Rivera*
           No 13-cr-149 (KAM)

Dear Ms. Smith:

     I write to request that the government supply the defense with discovery material as outlined below within 30 days of the date of this letter.

     In considering these requests, please keep in mind that the underlying offense that is charged in the indictment does not appear to be complex. In addition, as you are aware, Mr. Rivera was charged with an offense based upon the same factual predicates by the State of Pennsylvania on or about, January 12, 2012. And since he was detained at that time, he has now been in jail for more than 14 months for what seems to be a relatively minor drug offense. It is, therefore, morally and legally imperative that the government comply with the mandatory requirements of Rule 16 of the Federal Rules of Criminal Procedure without unreasonable delay.

     Accordingly, I make the following demands to produce:

### Discovery

     1.    Any relevant written or recorded statement or confession or summary of same, including any rough or handwritten notes made by the defendants, within the possession, custody or control of the government, the existence of which is known, or which by the exercise of due diligence may become known to the government; the substance of any oral statements made by the defendants which the government intends to offer in evidence at the trial of this action and which were made in response to interrogation by any person then known to the defendants to a government agent; and recorded testimony, if any, by the defendants before a grand jury relating to the offenses charged.

     2.    Any written, recorded or oral statement or confession or summary of same, including any rough or hand-written notes, by whomever made, which the government will seek to attribute to the defendants. Should the government seek

to hold the defendants to the statements of others, the statements become "statements made by the defendant" within Rule 16(a)(1)(A). This category includes statements made by alleged co-conspirators, adoptive admissions and all other vicarious utterances. Fed. R. Crim. P. 16(a)(1)(A).

   3.   The substance of any oral statements made by the defendants to persons who elicited the statements at the request of agents of the government and which the government intends to offer in evidence at trial. This category includes recorded conversations made with the consent of a party thereto. Fed. R. Crim. P. 16(a)(1)(A).

   4.   All photographs, films, videotapes, books, papers, documents, tangible objects (including tape recordings), buildings or places, which are within the possession, custody or control of the government, are material to the preparation of the defense of the indictment or are intended for use by the government as evidence at any trial, or were obtained from or belong to the defendants, a co-defendant or co-conspirator, indicted or unindicted.

   5.   Any relevant written or recorded statements, including but not limited to grand jury testimony and investigative reports, or a summary of same, including rough or handwritten notes as well as all tangible objects (including, but not limited to tape recordings, CD recordings, or any digitized recording), buildings or places, within the possession or custody or control of the government, the existence of which is known, or which, by the exercise of due diligence may become known to the government that may or in fact do exculpate the defendants pursuant to Brady v. Maryland, 373 U.S. 83 (1963) and Unites States v. Agurs, 427 U.S. 97 (1976).

   6.   All information from computer systems, removable electronic media and other locations. This includes, but is not limited to, email and other electronic communication, word processing documents, spreadsheets, databases, calendars, telephone logs, contact manager information, Internet usage files, and network access information.

   7.   Pursuant to Brady and its progeny, including U.S. v. Agurs, supra, Giglio v. United States, 405 U.S. 105 (1972), and United States v. Bagley, 469 U.S. 1016 (1985), any and all exculpatory or impeaching material in the government's possession, custody or control, or otherwise known to the government, including, without limitation:

   a) Any and all records or information revealing prior criminal convictions or guilty verdicts or juvenile adjudications, including, but not limited to, relevant criminal records or "rap sheets" of any co-defendant or co-conspirator, indicted or unindicted, or of any witness who the government knows may have relevant information concerning the instant case;

   b) Any and all records and information revealing prior or subsequent misconduct, criminal acts or bad acts of any witness the government intends to call at trial;

c) Any and all consideration or promises of consideration given directly or indirectly during the course of the investigation and preparation of this matter by any law enforcement officials, including government agents, police, or informers, to any witness (including the family or friends of a witness) the government intends to call as a witness at any trial or sentencing hearing.

d) Any and all statements, whether formal or informal, oral or written, by the government to any person (including counsel for such person(s)) whom the prosecution intends to call as a witness at trial pertaining in any way to the possible or likely course or outcome of any government action, whether of any state, federal, civil, criminal or administrative (including, but not limited to immigration matters) involving the witness (es), or anyone related by blood or marriage, or even simply by friendship to the witness, or to someone close to the witness, by family, marriage, or friendship;

e) Any and all threats, express or implied, direct or indirect, or other coercion directed against any witness whom the government intends to call at trial relating to criminal prosecutions, investigations, or potential prosecutions pending or which could be brought against any such witness; any probationary, parole, deferred prosecution or custodial status of any such witness; and any civil tax court, court of claims, administrative, or other pending or potential legal disputes or transactions involving any such witness and the government of any state, United States Government, or any foreign government, or over which any state or the federal government has real, apparent or perceived influence;

f) A list of any and all requests, demands or complaints made to the government by any of its witnesses which arguably could be developed on cross-examination to demonstrate any hope or expectation on the part of the witness for favorable governmental action on his/her behalf (regardless of whether or not the government has agreed to provide any favorable action);

g) Any and all material not otherwise listed that reflects or evidences either the motivation of the witness to cooperate with the government or any bias or hostility against the defendants;

h) Any and all dates on which any witness has testified before any court, grand jury or any other tribunal or body, whether of any locality or municipality, state or of the federal government, or otherwise testified to or narrated the investigation or facts of this case, including dates of debriefings by federal agents or any prosecutorial office, whether federal or of any state, locality or municipality;

I) Any and all judicial proceedings involving (as a witness, unindicted co-conspirator, aider or abettor, or defendant) any person who is a potential prosecution witness at the trial of this indictment.

j) Any and all statements or documents, including but not limited to grand jury testimony and federal, state and local tax returns made or executed by any potential prosecution witness in the trial in this action, which the prosecution knows, or through reasonable diligence should have reason to know, is false;

k) Any and all occasions on which a witness has testified before any court, grand jury or other tribunal or body;

l) Any and all medical and psychiatric reports known to the government or which can reasonably be known to the government concerning any witness the government intends to call at any trial or sentencing hearing, which may arguably affect the witness's credibility or ability to perceive, relate, or recall events;

m) Any and all written or oral statements, whether or not reduced to writing, made by any potential prosecution witness that in any way contradict or are inconsistent with or different from other oral or written statements the witness has made, and any such statements made by any person, whether a witness or not, which in any way may contradict or are inconsistent with or different from any statements made by a prosecution witness;

n) Any and all requests prepared by the prosecution for permission to grant immunity or leniency for any witness, whether or not such request was granted;

o) The number of times, including the date, each cooperating witness (or his/her counsel), met with any government agent or prosecutor (from any federal district, or any state, county or other local prosecutor's office) prior to signing a cooperation agreement with the government; all notes or reports concerning any interview of the witness that occurred before or after the witness entered into an agreement with the government; the substance of any statement by the witness directly or through counsel in which the witness denied any allegation made against the witness by the government; any other records and /or information which arguably could be helpful or useful to the defense in impeaching or otherwise mitigation the probative force of the government's evidence;

p) The same records and information requested in items (a) through (o) with respect to each declarant whose statements will be offered in evidence. Fed. R. Evid. 806.

q) A copy of the rules of every agency that participated in the investigation, insofar as these rules provide guidelines for the conduct of the investigators. The defendants assert that investigating agents may be impeached by their failure to follow the rules of their agencies.

r) Any and all unsuccessful undercover attempts by government agents or informants to discover evidence of criminal activity by the defendants;

s) The names and addresses of all persons whom the government believes to have relevant knowledge and/or information with reference to the charges contained in the indictment but whom the prosecution does not propose to call as witnesses at trial; and

t) Any and all records of law enforcement agencies reflecting intradepartmental disciplinary action taken or under investigation against any law enforcement official who will testify in this proceeding.

7. Evidence concerning persons the government intends to call as witnesses at trial of the following type:

1. Any specific instance of conduct/misconduct from which it could be inferred that the person is or has been at any time untruthful;

2. With respect to any of the allegations of the indictment, set forth the terms and conditions, including but not limited to any favorable treatment or benefits, which the government has offered and/or provided to anyone, or any threats, implied or express, made by any government agent to any informant, co-defendant or co-conspirator, indicted or unindicted.

8. Any results or reports of physical or mental examinations, scientific tests or experiments, which are in the possession, custody or control of the government, are material to the preparation of the defense, or are intended for use by the government as evidence at trial. Fed. R. Crim. P. 16(g). This request includes, but is not limited to, any oral reports that the government has received. Without limitation, the defendants request that the government disclose the identity of the person making the report and the person's expertise as well as the following:

a) All handwriting exemplars, handwriting samples and opinions of handwriting experts, upon which the government will rely, which are material to the defense of this case or are or tend to be exculpatory of the defendants, co-defendant and/or co-conspirator (s), whether indicted or unindicted.

b) All fingerprint and/or palm print exemplars, fingerprint samples, comparisons and opinions of fingerprint experts, upon which the government will rely, which are material to the defense of this case or exculpatory of the defendants or any co-defendant or co-conspirator, whether indicted or unindicted.

c) All attempts at voice identification by whatever means, upon which the government will rely, which are material to the

9. The Defendants, request, pursuant to the provisions of Fed. R. Evid. 104, and his 5th and 6th Amendments rights to effective representation of counsel and a fair trial, the government disclose whether it intends to offer at trial any of the following evidence, and if so, identify the individual or entity making the statement and provide:

a) Recorded recollection.
b) Records of a regularly conducted activity.
c) Absence of recorded entries.
d) Public records and reports.

    e) Absence of public records.
    f) Evidence requiring rulings on preliminary questions to be determined by the Court.

  10. All evidence of similar crimes, wrongs or acts, allegedly committed by the defendants, co-defendants, co-conspirators, indicted or unindicted, and of persons having relevant knowledge of the within matter, upon which the government intends to rely to prove motive, common plan or scheme, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident.

  Obviously, these demands are not exclusive and should you have any question about the scope of our demands, please feel free to contact counsel at your earliest convenience.

  Thank you for your prompt attention to this matter.

                Sincerely yours,

                *Steve Zissou*
                Steve Zissou

cc: All Parties (by ecf and email)