

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

TM:AES
F.#2013R001609

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

April 2, 2013

<u>Via ECF and Federal Express</u>

Angelo R. Picerno, Esq.
36-40 Main Street, Suite 306
Flushing, New York 11354

   Re: United States v. Paul Rivera
     <u>Criminal Docket No. 13-149 (KAM)</u>

Dear Mr. Picerno:

   Enclosed please find the government's initial discovery in accordance with Rule 16 of the Federal Rules of Criminal Procedure.  The government also requests reciprocal discovery from the defendant.

  <u>The Government's Discovery</u>

   1. <u>Statements of the Defendant</u>

   On the enclosed CD marked RIVERA CD-1, please find copies of the following documents that contain statements of the defendant:

- A report from the Federal Bureau of Investigation ("FBI") containing statements of the defendant made on May 30, 2012, which is Bates numbered RIVERA 1.

- A proffer agreement signed by the defendant and dated August 30, 2012, which is Bates numbered RIVERA 2-4.

- A report from the FBI containing statements of the defendant made on August 30, 2012, which is Bates numbered RIVERA 5-9.

- Handwritten notes of a meeting with the defendant on August 30, 2012, which is Bates numbered RIVERA 10-22.

- Letters written by the defendant to Assistant United States Attorney William Houser, along with a copy of an envelope, which are Bates numbered RIVERA 23-26.

- A redacted incident report from the Pennsylvania State Police describing the events of January 18, 2012, which is Bates numbered RIVERA 27-35.

- Prison incident reports from the Susquehanna County Correctional Facility, dated June 29, 2012 and July 1, 2012, which are Bates numbered RIVERA 36-37.

- An inmate visitation list completed by the defendant, which is Bates numbered RIVERA 38-39.

    2.   The Defendant's Criminal History

Documents reflecting the defendant's criminal history are enclosed and bear Bates numbers RIVERA 40-120.

    3.   Documents and Tangible Objects

On the enclosed CD marked RIVERA CD-1, please find copies of the following:

- Correspondence written by and received by the defendant during his incarceration in Pennsylvania in 2012 and 2013, which is Bates numbered RIVERA 121-725.

- A traffic ticket dated January 3, 2012, for a vehicle with license plate FWH5874, which is Bates numbered RIVERA 726.

- A search warrant obtained on January 18, 2012, for the search of the vehicle operated by the defendant on that date, which is Bates numbered RIVERA 727-729.

- A property report for a vehicle seized on January 18, 2012, which is Bates numbered RIVERA 730.

- A property report for items seized on January 18, 2012, which is Bates numbered RIVERA 731-734.[1]

- Photographs of the defendant taken on January 18, 2012, which are Bates numbered RIVERA 735-743.

---

[1]     The government also hereby discloses the items detailed in these property reports, which include contraband items.  As with all of the discovery disclosed herein, these items will be made available for inspection at a mutually convenient time.

2

- Photographs of a knife recovered from the defendant on January 18, 2012, which are Bates numbered RIVERA 744-746.

- Documents pertaining to the defendant's tattoo license, which are Bates numbered RIVERA 747-751.

- Documents from the American Society of Composers, Authors and Publishers related to the defendant, which are Bates numbered RIVERA 752-812.

- Tax records for the defendant, pertaining to tax years 2006 through 2011, which are Bates numbered RIVERA 813-862.

- A photograph labeled TF Mafia Muzik, which is Bates numbered RIVERA 863.

In addition, enclosed please find a CD labeled RIVERA CD-2, that contains phone calls made by the defendant while in prison in Susquehanna County, Pennsylvania.  The CD contains 24 subfolders that include individual calls made by the defendant. In addition, there is a file called "Susquehanna County Prison Call Records" that provides additional information about these calls.  That document is Bates numbered RIVERA 864-884.

Also enclosed is a DVD labeled RIVERA DVD-1, which contains a video.  In addition, the government has a number of publicly-available videos pertaining to TF Mafia and TF Mafia Muzik in its possession, which are also available on YouTube. Should the government seek to introduce any of these videos at trial in this case, we will provide notice to the defendant, along with a copy of the video at issue.

In addition, the FBI has in its possession the following documents and objects, which will be made available for inspection at a mutually convenient time:

- One black LG model ls 670 cellular telephone, bearing serial number 012kpgs0751919;

- One black Verizon Blackberry, model 9650, bearing pin number 329a9fbc;

- One Colt automatic .25 caliber pistol, bearing serial number 254498;

3

- A grey .380 caliber magazine that contained four bullets, four .380 caliber bullets from the grey magazine, and one .380 caliber ammunition round;

- One silver slide for a .380 caliber semi-automatic pistol, bearing the name Jennings Firearms, with no serial number;

- One WD elements external hard drive, bearing serial number WCAV5U616933, a USB cord and a power cord;

- One spiral bound notebook of receipts;

- A beige folder containing tax returns and receipts;

- An orange folder containing Sprint/Nextel bills;

- A yellow folder containing online bills and a tattoo license receipt;

- A commercial lease for a tattoo shop;

- A beige folder containing miscellaneous bills and statements; and

- One Western Digital removable computer hard drive, bearing serial number wcapw2490179.

You may examine all of the physical evidence discoverable under Rule 16, including original documents, by calling me to arrange a mutually convenient time.

4.   <u>Reports of Examinations and Tests</u>

Enclosed please find a lab report dated April 6, 2012, which is Bates numbered RIVERA 885.  The government will provide you with copies of any additional reports of examinations or tests in this case as they become available.

5.   <u>Expert Witnesses</u>

The government will comply with Fed. R. Crim. P. 16(a)(1)(G) and Fed. R. Evid. 702, 703 and 705 and notify you in a timely fashion of any expert that the government intends to call at trial and provide you with a summary of the expert's opinion.  The identity, qualifications, and bases for the conclusions of each expert will be provided to you when they become available.

4

At present, the government intends to call a forensic chemist to testify as follows regarding the substances that were recovered from the vehicle operated by the defendant on January 18, 2012: (1) the 170 white glassine packets of powder, weighing approximately 7.5 grams, contained heroin; (2) the 170 grams of a chunky substance contained cocaine; and (3) a blue-capped vial contained approximately 0.32 grams of a substance that was identified as marijuana.  The government also intends to call an expert on drug quantity, to testify that the quantity of cocaine and heroin recovered in this case is consistent with distribution.  It is anticipated that this witness may also testify about the value of the cocaine and heroin.

## 6.   *Brady* Material

The government is not aware of any exculpatory material regarding the defendant.  The government understands and will comply with its continuing obligation to produce exculpatory material as defined by Brady v. Maryland, 373 U.S. 83 (1963), and its progeny.

Before trial, the government will furnish materials discoverable pursuant to Title 18, United States Code, Section 3500, as well as impeachment materials.  See Giglio v. United States, 405 U.S. 150 (1972).

## 7.   Other Crimes, Wrongs or Acts

The government will provide the defendant with reasonable notice in advance of trial if it intends to offer any material under Fed. R. Evid. 404(b).

## The Defendant's Required Disclosure

The government hereby requests reciprocal discovery under Rule 16(b) of the Federal Rules of Criminal Procedure.  The government requests that the defendant allow inspection and copying of (1) any books, papers, documents, data, photographs, tapes, tangible objects, or copies or portions thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely on at trial, and (2) any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely upon at trial, or that were prepared by a witness whom the defendant intends to call at trial.

5

The government also requests that the defendant disclose prior statements of witnesses who will be called by the defendant to testify.  See Fed. R. Crim. P. 26.2.  In order to avoid unnecessary delays, the government requests that the defendant have copies of those statements available for production to the government no later than the commencement of trial.

The government also requests that the defendant disclose a written summary of testimony that the defendant intends to use as evidence at trial under Rules 702, 703, and 705 of the Federal Rules of Evidence.  The summary should describe the opinions of the witnesses, the bases and reasons for the opinions, and the qualification of the witnesses.

Pursuant to Fed. R. Crim. P. 12.3, the government hereby demands written notice of the defendant's intention, if any, to claim a defense of actual or believed exercise of public authority, and also demands the names and addresses of the witnesses upon whom the defendant intends to rely in establishing the defense identified in any such notice.

## Future Discussions

If you have any questions or requests regarding further discovery or a disposition of this matter, please do not hesitate to contact me.

Please be advised that, pursuant to the policy of the Office concerning plea offers and negotiations, no plea offer is effective unless and until made in writing and signed by authorized representatives of the Office.  In particular, any discussion regarding the pretrial disposition of a matter that is not reduced to writing and signed by authorized representatives of the Office cannot and does not constitute a "formal offer" or

a "plea offer," as those terms are used in <u>Lafler v. Cooper</u>, 132 S. Ct. 1376 (2012), and <u>Missouri v. Frye</u>, 132 S. Ct. 1399 (2012).

Very truly yours,

LORETTA E. LYNCH
United States Attorney

By:  <u>/s/ Taryn A. Merkl</u>
Taryn A. Merkl
Alixandra E. Smith
Assistant U.S. Attorneys
(718) 254-6064/6370

Enclosures (RIVERA CD-1, RIVERA CD-2 & RIVERA DVD-1)

cc:  Clerk of the Court (KAM) (by ECF) (without enclosures)