UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------X

UNITED STATES OF AMERICA,                          NOTICE OF MOTION

                -against-                          13 Cr.149  (KAM)

MICHAEL GARRETT,

                       Defendant.
----------------------------------------------------X

PLEASE TAKE NOTICE, that the defendant MICHAEL GARRETT, by his attorney, KELLEY J. SHARKEY, and upon the annexed declarations and all papers and proceedings in this case, moves this Court, before the Honorable Kiyo A. Matsumoto, in the United States District Court for the Eastern District of New York, for Orders:

A.  Suppressing physical evidence recovered from car registered to defendant pursuant to Rule 12(b)(3)(C) of the Federal Rules of Criminal Procedure, on the grounds that they were obtained without probable cause and absent valid consent;

B.  Suppressing statements made by Michael Garrett,  pursuant to Rule 12(b)(3)(C) of the Federal Rules of Criminal Procedure, on the grounds that they were involuntary and were obtained in violation of his Miranda rights;

C.  Directing the Government to provide Michael Garrett with all exculpatory material pursuant to Brady v. Maryland, 373 U.S. 83 (1963) and its progeny;

D.  Requiring the Government to disclose, in a timely fashion, any prior bad acts or criminal convictions pertaining to Michael Garrett that it intends to use in any manner at trial, pursuant to Rule 404(b) of the Federal Rules of Criminal Procedure of the defendant;

1

E.  Granting Michael Garrett's  Request for a Bill and Particulars and Discovery

F.  Granting Michael Garrett  the right to bring further motions upon the basis of any newly discovered information

G. Granting Michael Garrett the right to Counsel requests permission to join in the motions of his codefendant as appropriate; and

H.  Any such other and further relief this Court deems appropriate.

Dated: Brooklyn, New York
June 9, 2014

_____/S/_____
Kelley J. Sharkey
26 Court Street, Suite 2805
Brooklyn, New York 11242
(718) 858-8843

To:     Clerk of the Court, Criminal Term
        United States Courthouse
        225 Cadman Plaza East
        Brooklyn NY, 11201
        *via* ECF

        AUSA Taryn Merkel
        AUSA Alixandra Smith
        Office of the United States Attorney
        271 Cadman Plaza East
        Brooklyn NY, 11201
        *via* ECF

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
UNITED STATES OF AMERICA,

                                          AFFIRMATION

against-

MICHAEL GARRETT                             13 CR 149(KAM)

----------------------------------------------------------x

       Michael Garrett affirms the following under penalty of perjury:

       1.  On September 1, I was driving a 2008 Mercedes Benz, registered to Michael Garret on Route 80 in Frelinghuysen Township, N.J.

       2.  I was stopped by members of NJ State police, they said I made an illegal lane change and did not use my signal.

       3. My license was suspended and I was told I had an outstanding warrant;  I was arrested.

       4. I was told that the police found a bag in the trunk of the car and was asked to consent to search the car and the bag.

       5. I told the police they did not have my consent to search the vehicle or its contents.

Michael Garrett

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
UNITED STATES OF AMERICA,

                                AFFIRMATION

against-

MICHAEL GARRETT                     13 CR 149(KAM)
                                  Defendant.
----------------------------------------------------------x

      Michael Garrett affirms the following under penalty of perjury:

      1.  On June 12,  20013 I was arrested in Brooklyn, New York by federal agents.

      2.  I was taken to an FBI office in New York City. While at the FBI office I was told by the agents that they wanted to speak with me and they read the Miranda warnings to me.

      3. I told the agents that I did not want to speak with them and I did not sign the Miranda form, or waive any of my rights.

      4. Throughout the time I was at the FBI office, agents continued to ask me questions and asked me to cooperate with them.

      5. After repeated questioning after I told them I did not want to speak with them , I finally asked if Paulee was telling people that I paid him to murder someone  and asked how many times they spoke with Paul Rivera.

      6.  In response to the officers questions and statements, and without waiving my rights I also answered a question about TF Mafia

      7.  I did not waive my right to silence or to have an attorney, I only answered their questions because they questioned me repeatedly.

Michael Garrett

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------X

UNITED STATES OF AMERICA,                          DECLARATION
                                                   13 Cr. 149 (KAM)
            -against-

MICHAEL GARRETT,

                    Defendant.
---------------------------------------------------X

       KELLEY J. SHARKEY declares under penalty of perjury, pursuant to 28 U.S.C. §1746,

that the following is true and correct:

       1.  I have been appointed to represent Michael Garrett and make this declaration in

support of his pretrial motions for suppression of physical evidence and statements, severance,

disclosures pursuant to F.R.E. 404(b) and Brady, for Bill of Particulars, Discovery, and other

motions.

       2.   The accompanying memorandum of law presents facts, legal authority, and argument

in support of Michael Garrett's pretrial motions.

       3. Facts alleged in the memorandum are based on conversations with government counsel

and defendant Michael Garrett, review of the indictment, conversations with prior counsel,

discovery, and other sources.

**WHEREFORE**, it is respectfully requested that the Court grant defendant Michael Garrett's

pretrial motions in their entirety and afford such other and further relief that the Court deems just

and proper.

3

Dated:  Brooklyn New York
       June 9, 2014

                                                        _____/S/_____
                                                        Kelley J. Sharkey
                                                        26 Court Street, Suite 2805
                                                        Brooklyn, New York 11242
                                                        (718) 858-8843

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------X

UNITED STATES OF AMERICA,

                                        13 Cr. 149 (KAM)

            -against-

MICHAEL GARRETT,

                    Defendant.
-----------------------------------------------------X


MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S PRETRIAL MOTIONS


KELLEY J. SHARKEY
26 Court Street, Suite 2805
Brooklyn, New York 11242
(718) 858-8843

## MEMORANDUM OF LAW

This memorandum of law is respectfully submitted in support of Michael Garrett's

pretrial motions.

### ARGUMENT

### I.
### MOTION TO SUPPRESS PHYSICAL EVIDENCE
### (MOTION A)

On September 1, 2010 at 10:46PM, Michael Garrett was traveling westbound in a 2008

Mercedes (his car) on Route 80 in Frelinghuysen Township, New Jersey when he was stopped

by the N.J. State Police for purportedly failing to signal a lane change. Mr. Garret's license was

suspended and he had an outstanding warrant from Knowlton Township, N.J. Mr. Garrett was

arrested and he was taken to the State Police Station in Hope N.J. A marijuana "blunt" was

recovered from Mr. Garret's shoe at the police station. Mr. Garret had been arrested on a motor

vehicle violation and the outstanding warrant had a $78.00 bail amount. The vehicle Mr. Garret

was driving was to be towed and impounded. When the tow truck operator arrived at the

vehicle's location, the vehicle's trunk was opened, the cargo mats were moved and a plastic bag

was observed, removed and taken by police. Mr. Garret was advised of the bag's seizure and the

police asked for his permission to search the vehicle and its contents which he declined to grant.

The State Police opened the bag seized from the vehicle's trunk, the bag contained several bags

filled with balloons of what later was determined to be heroin. The next day, based on an

affidavit delineating the above facts, the State Police obtained a search warrant for the auto. That

search, pursuant to the warrant, yielded a bag of marijuana, paraphernalia, and one cigarette

containing alleged PCP.

Defendant seeks to suppress the heroin packages seized pursuant to Rule 12 (b)(3)(C) of

1

the Federal Rules of Criminal Procedure, on the grounds that they are the fruit of an unlawful

search absent probable cause and without consent. The Fourth Amendment of the United States

Constitution prohibits unreasonable searches and seizures.  Here, the defendant had an

expectation of privacy in his automobile and its contents. Garrett explicitly refused to give

consent to search the bag or the car, and the police did not seek a warrant before opening the bag

containing the packages of  heroin.  See Chimel v. California, 395 U.S. 752, 763 (1969); Arizona

v. Gant, 556 U.S. 332 (2009); and  United States  v. Ruben Perea, 986 F.2d 633 (2d Cir. 1993);

Here, there are no circumstances to justify the warrantless search. Pursuant to a motion to

suppress the seizure of the heroin, the state prosecutor conceded the illegality of the search and

the case was disposed of by a plea to possession of marijuana, and a disorderly persons offense.

See New Jersey case documents attached as exhibit A

An evidentiary hearing is requested.

## II.

### ALL ALLEGED POST-ARRREST STATEMENTS SHOULD BE SUPPRESSED
### (MOTION B)

On June 12, 2013  Michael Garrett was arrested on the instant matter in Brooklyn and

taken to FBI offices in downtown New York City.  At the time Michael  Garrett suffered from a

serious heart condition and was on medication; at no time did  Mr. Garrett waive his right to

remain silent pursuant to Miranda.  Despite the fact that he explicitly refused to waive his right

to remain silent – as acknowledged on the waiver form and on the two FBI 302 reports

describing the arrest and Defendant's post-arrest statements – Mr. Garrett was repeatedly

questioned by agents during  processing. He was ultimately brought to the Eastern District

Federal Courthouse for arraignment but the Federal Marshal service directed that he be taken to the hospital to determine if he was medically able to be taken into Marshal custody. He was lodged overnight at the MDC and was arraigned the following day.

The defense requests that these statements (See statements attached as Exhibit B) be suppressed since they were made in violation of his rights under Miranda v.Arizona, 384 U.S. 436 (1966). Garrett's statement to law enforcement were the result of an interrogation absent a Miranda waiver. See e.g., United States  v. Montana, 958 F2d 516, 518 (2d Cir. 1992.) (agents statements to defendant about cooperation if not solicited by defendant constitutes interrogation.) Garrett's statements to law enforcement officials were not voluntary and were not, given after a knowing and consensual waiver of his Miranda rights and must be suppressed. An evidentiary hearing is requested.

### III.

### ALL BRADY AND OTHER EVIDENCE FAVORABLE TO MICHAEL GARRETT SHOULD BE PROVIDED IMMEDIATELY (MOTION C)

Under the principals of  Brady v. Maryland, 373 U.S. 83 (1963), the government must deliver to the defendant all evidence favorable to him bearing on any of the issues raised by the indictment or the government's proof at trial.   Delay of production of this material until trial may make it of little use to the defense.   If, for example, it is only at trial that defendant is informed that a witness absolved him of complicity of an act, it may be too late for defense counsel to find the witness.  Pretrial discovery is necessary if any effective defense is to be had. United States v. Coppa, 267 F.3d 132 (2d Cir. 2001).

In accordance with Fed. R. Crim. Proc. 16 and the constitutional requirements espoused

4

in <u>Kyles v. Whitley</u>, 514 U.S. 419 (1995); <u>United States v. Bagley</u>, 473 U.S. 667 (1985); <u>United States v. Agurs</u>, 427 U.S. 97 (1976); <u>Giglio v. United States</u>, 405 U.S. 150 (1972); <u>Brady v. Maryland</u>, 373 U.S. 83 (1963); and their progeny the defense request disclosure of all material favorable to him bearing on any of the issues raised by the indictment or the Government's proof at trial.

## IV.

### ALL FED. R. EVID. 404(B) EVIDENCE SHOULD BE
### PROVIDED IN A TIMELY MANNER
### (MOTION D)

The Government, upon information and belief, intends to introduce evidence concerning prior bad acts of the defendant Michael Garrett at trial. The defense  requests that the Government list any 404(B) evidence it will seek to introduce at trial. The defense also asks that the Government set forth the proposed reasons for the admissibility of such evidence.

Fed. R. Evid. 403, 28 U.S.C.A., states that relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."   For evidence of other bad acts to be accepted, it must be established by a preponderance of the evidence.  <u>United States v. DeVaughn</u>, 601 F.2d 42 (2d Cir. 1979); <u>United States v. Peterson</u>, 808 F.2d 959 (2d Cir. 1987).  Michael Garrett requests permission to respond to the Government's 404(B) requests once they have been disclosed to the defense.

## V.

### MOTION TO SEVER AND ORDER DISCLOSURE OF STATEMENTS
### OFFERED AGAINST EACH DEFENDANT
### (MOTION E)

3

Michael Garrett  moves, pursuant to Federal Rule of Criminal Procedure 14, for a trial separate and apart from his co-defendant Paul Rivera based upon the principles of Bruton v. United States, 391 U.S. 123 (1968).   In anticipation of the potential opportunity for the prosecution to  introduce  proffer statements made by Paul Rivera to government agents on May 30, 2012 and August 30, 2012.  (See statements attached as Exhibit C.) Counsel for Michael Garrett seeks a ruling on severance in the event the proffer statements are admitted.  The potential admission of Paul Rivera's multiple confessions and  statements implicating Michael Garrett at trial potentially pits Garrett's Sixth Amendment right to confront the witnesses against him against Rivera's 5th Amendment right to refuse to testify.  See Gray v. Maryland, 523 U.S. 185 (1998).  The Confrontation Clause bars the admission of a non-testifying  co-defendant's confession that incriminates the defendant.  Crawford v. Washington, 541 U.S. 36 (2004); Gray v. Maryland, 523 U.S. 185 (1998); Bruton v. United States, 391 U.S. 123 (1968).  Confessions of co-defendants can be redacted so that they don't incriminate the defendant, but the mere deletion of the defendant' s name is not sufficient if such a redaction leaves it obvious that the confession referred to the defendant.  Gray v. Maryland, 523 U.S. at 185. Recently in United States v. Taylor, the Second Circuit reversed the conviction of the three co-defendants after it found that the trial Court's neutral word substitution for the two co-defendants was obvious and the "awkward circumlocution used to reference other participants [was] so unnatural, suggestive, and conspicuous as to offend Bruton, Gray and Jass." See United States v. Taylor (Curtis), __ F.3d __, 2014 WL 814861 at * 12 (2d Cir. March 4, 2014).

Further, a joint trial in this instance holds the potential to impermissibly poison the jury against Garrett because it is anticipated that there will be the admission of certain evidence

4

against Rivera that is largely inadmissible against Garrett. Both Garrett and especially Rivera have made multiple and varied statements on various types of media. Counsel has received an enormous amount of discovery memorializing Paul Rivera's commentary analyzing the so-called "gangsta" lifestyle. Heretofore the Government has produced: Rivera's e-mails comprising 2,656 pages, hours of hard core porn video material found on his phone, hundreds of phone calls by Rivera from MDC Brooklyn (71 calls between 5/7/2013 and 8/19/2013 lasting 12.8 hours (so we can reasonably expect many more to come); hundreds of phone calls made by Rivera from Susquehanna County Prison: (187 calls lasting 16 ½ hours); thousands of Rivera's text messages, and over 600 pages of handwritten correspondence. There are also a number of YouTube videos that were not produced in discovery but are available on the internet featuring Mr. Rivera discussing the "gangsta" lifestyle.

It is likely the government will seek introduction of this evidence under various theories of admissibility. Counsel requests that the Court direct the government to identify which statements it intends to introduce so defendant may make a comprehensive request for severance.

## VI.

### MICHAEL GARRETT'S REQUEST FOR BILL AND PARTICULARS AND DISCOVERY (MOTION F)

### A.    REQUEST FOR BILL OF PARTICULARS[1]

_____

[1] In compliance with this District's practice, Michael Garret is also contemporaneously filing a request for a bill of particulars with the government, which is identical to the document filed with the Court. Michael Garret respectfully requests that the Court accept this motion for discovery, prior to the government's formal response to the discovery letter.

**Introduction**

As to Count 8/Racketeering Act 5 (Money Laundering August 2008 - May 2012) the government has turned over documents relating to Michael Garrett's 2009 and 2010 tax records, certain tax records for "TF Mafia" that are incomplete dates 2009-2012, tax records for Paul Rivera 2006-2009, and Currency Transaction Reports.  We have reviewed this material, but it does not provide essential particulars about the Money Laundering charge contained in the indictment.

A bill of particulars permits a defendant "to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense." United States v. Bortnovsky, 820 F.2d 572, 574 (2d Cir. 1987).  The decision whether or not to grant a bill of particulars pursuant to Federal Rule of Criminal Procedure 7(f) rests within the discretion of the district court. See United States v. Cephas, 937 F.2d 816, 823 (2d Cir. 1991), *citing* United States v. Torres, 901 F.2d 205, 234 (2d. Cir. 1990) and the information requested below is necessary in order to defend Michael Garrett against the Money Laundering charge.

The  indictment also fails to illuminate Michael Garret's role in the alleged Money Laundering charge. In United States v. Barnes, 158 F.3d 662 (2d Cir. 1998), the Court of Appeals found a "bare bones" narcotics conspiracy count to be "insufficient on its face to provide the defendant with sufficient detail to defend adequately the charges against him at trial." Id., at 664, 665.  Thus, "[s]ince the indictment provided not a shred of detail, the defendant was entitled to be otherwise apprised of the conduct he was alleged to have undertaken in furtherance of this multi-faceted, if not multiple, conspiracy."  That the requested

6

information "would have required the disclosure of evidence or the theory of the prosecution" was "of no consequence," as the defendant needed the information to prepare his defense. Id., at 665; *cf.* United States v. Muyet, 945 F. Supp. 586, 600 (S.D.N.Y. 1996) (request for bill of particulars denied, where indictment provided wealth of information about narcotics conspiracy count, including numerous overt acts, their locations and the types of narcotics involved in each, as well as each defendant's role in each overt act cited).  In Barnes, the government cured the deficiencies by providing, in pre-trial discovery, "extensive additional information" about the defendants' alleged involvement in drug trafficking (158 F.3d at 665-66).  That is not the case here as it pertains to Michael Garrett  and the charges stemming from the Money Laundering charge.  Accordingly, pursuant to Federal Rule of Criminal Procedure 7(f) we request the following Bill of Particulars and disclosure of any documents relating to the charge.

**Money Laundering -  Michael Garret: Counts 8 - Racketeering Act 5**
1)      Describe with specificity the actions of Michael Garrett which constitute the crime charged in Count 8 and Racketeering Act 5.

2)      Provide the specific account, the account holder(s) and signatories to the account(s) that was allegedly utilized in the unlawful conduct.

3)      Identify the dates on which the government contends illicit deposits were made into the subject account(s).

4)      Identify the amount of illicit money the government contends was deposited in the account(s).


### CONCLUSION

Counsel has endeavored to bring all motions applicable at this time but requests leave to bring any additional motions which may become necessary based upon the Government's response to the present motions or new facts uncovered by ongoing defense investigation into

this case, this includes but is not limited to a Motion to Sever. (Motion F) Counsel requests

permission to join in the motions of his codefendant as appropriate. (Motion G)

**WHEREFORE**, it is respectfully requested that the Court grant Michael Garrett's pretrial

motions in their entirety.

Dated: June 9, 2014
          Brooklyn, New York


                                                        _____/S/_____

                                                        Kelley J. Sharkey

To:     Clerk of the Court, Criminal Term
        United States Courthouse
        225 Cadman Plaza East, 11201
        *via* ECF

        AUSA Taryn Merkel
        AUSA Alixandra Smith
        Office of the United States Attorney
        271 Cadman Plaza East
        Brooklyn NY, 11201
        *via* ECF

8

# United States v. Garrett
## 1:13-cr-00149
## Exhibit A

SUPERIOR COURT OF NEW JERSEY
VICINAGE 13

YOLANDA CICCONE
ASSIGNMENT JUDGE

JULIE M. MARINO
PRESIDING JUDGE

EUGENE L. PARKAS
TRIAL COURT ADMINISTRATOR



ANN R. BARTLETT
SUPERIOR COURT JUDGE

ELIZABETH LIPARI
CRIMINAL DIVISION MANAGER

SEARON PANDOLFI
ASSISTANT CRIMINAL DIVISION MANAGER

CRIMINAL CASE MANAGEMENT OFFICE
WARREN COUNTY
PO BOX 900
BELVIDERE, NJ 07823-1500
PHONE (908) 475-6990  FAX (908) 475-6982   TDD (908) 475-6993

# FAX TRANSMISSION

TO: Lisa                              DATE: 6-9-14

FAX NUMBER: 718 875 0053

PAGES (INCL. COVER PAGE): _____

FROM: Andrea

RE: Michael Garrett

COMMENTS: _____
_____
_____
_____
_____
_____
_____
_____



# Judgment of Conviction & Order for Commitment

## Superior Court of New Jersey, WARREN County

### State of New Jersey          v.

| Last Name | First Name | Middle Name |
|---|---|---|
| GARRETT | MICHAEL | C |

**Also Known As**

| Date of Birth | SBI Number | Date(s) of Offense | |
|---|---|---|---|
| 04/29/1975 | 328949C | 09/01/2010 | |

| Date of Arrest | PROMIS Number | Date Ind / Acc / Complt Filed | Original Plea | Date of Original Plea |
|---|---|---|---|---|
| | 10 000517-001 | 04/27/2011 | ☐ Not Guilty   ☐ Guilty | |

**Adjudication By**  ☑ Guilty Plea   ☐ Jury Trial Verdict   ☐ Non-Jury Trial Verdict   ☐ Dismissed / Acquitted   **Date:** 10/31/2011

### Original Charges

| Ind / Acc / Complt | Count | Description | Statute | Degree |
|---|---|---|---|---|
| 11-04-00132-I | 1 | POSS CDS W/I DIST | 2C:35-5A | 2 |
| | | MFG/D/D HER/COKE>=.5OZ<5OZ 2ND | 2C:35-5B(2) | |
| 11-04-00132-I | 2 | POSS SCHD I II III IV | 2C:35-10A(1) | 3 |
| S-2010-000031-2106 | 1 | POSS MJ<=50G,HASH<=5G D.P | 2C:35-10A(4) | DP |
| S-2010-000031-2106 | 2 | USE PARAPHERNALIA, DP | 2C:36-2 | DP |

### Final Charges

| Ind / Acc / Complt | Count | Description | Statute | Degree |
|---|---|---|---|---|
| S-2010-000031-2106 | 1 | POSS MJ<=50G,HASH<=5G D.P | 2C:35-10A(4) | DP |

### Sentencing Statement

It is, therefore, on 01/25/2012   **ORDERED** and **ADJUDGED** that the defendant is sentenced as follows:

On Count 1 of Complaint No. S-2010-000031-2106, you are sentenced to (120) days in the Warren County Correctional Center; no Probation. The Court will permit you to apply for the CLAP Program. Your report date to WCCC is February 24, 2012 by 5:00 p.m. If you are found ineligible for CLAP or later become ineligible, the balance of the sentence will be served straight time. Also, Counts 1 & 2 of Indictment No. 11-04-00132-I, Count 2 of Complaint No. S-2010-000031-2106, and Motor Vehicle Summons 2106-SP4-0893220 are to be dismissed. On Motor Vehicle Summons 2106 SP4-893218, you shall pay a $100.00 fine. On Motor Vehicle Summons 2106-SP4-893219, you shall pay a $500.00 fine, $33.00 in court costs, and a $6.00 surcharge under Title 39. Also, your driving privileges in the State of New Jersey shall be suspended for 6 months. You shall appear before Frelinghuysen Township Municipal Court, 626 Route 94, Columbia, NJ 07832 on March 24, 2012 at 1:00 p.m. Financial obligations, exclusive of the Motor Vehicle Tickets, are payable through Probation collections only commencing within (30) days release from jail. Bail discharged.

☑ It is further ORDERED that the sheriff deliver the defendant to the appropriate correctional authority.

| Total Custodial Term | Institution Name | Total Probation Term |
|---|---|---|
| 000 Years 00 Months 120 Days | COUNTY JAIL | 00 Years 00 Months |

State of New Jersey v.
GARRETT, MICHAEL C                                        S.B.I. # 326549C  Ind / Acc / Complt # 11-04-00132-I

| DEDR (N.J.S.A. 2C:35-15 and 2C:35-5.11) | Additional Conditions |
|---|---|

A mandatory Drug Enforcement and Demand Reduction (DEDR) penalty is imposed for each count. (Write in number of counts for each degree.)

☐ DEDR penalty reduction granted (N.J.S.A. 2C:35-15a(2))

|  | Standard | | | Doubled | |
|---|---|---|---|---|---|
| 1st Degree | | @ $ | | @ | $ |
| 2nd Degree | | @ $ | | @ | $ |
| 3rd Degree | | @ $ | | @ | $ |
| 4th Degree | | @ $ | | @ | $ |
| DP or Petty DP | 1 | @ $ 500.00 | | @ | $ |

Total DEDR Penalty $ 500.00

☐ The court further ORDERS that collection of the DEDR penalty be suspended upon defendant's entry into a residential drug program for the term of the program. (N.J.S.A. 2C:35-15e)

| Forensic Laboratory Fee (N.J.S.A. 2C:35-20) | Total Lab Fee |
|---|---|
| 1   Offenses @ $ 50.00 | $ 50.00 |

**VCCA Assessment (N.J.S.A. 2C:43-3.1)**

| Counts | Number | | Amount |
|---|---|---|---|
| 1 | 1 | @ | $ 50.00 |
| | | @ | $ |
| | | @ | $ |
| | | @ | $ |

Total VCCA Assessment $ 50.00

**Vehicle Theft / Unlawful Taking Penalty (N.J.S.A. 2C:20-2.1)**

| Offense | Mandatory Penalty |
|---|---|
| | $ |

**Other Fees and Penalties**

| Law Enforcement Officers Training and Equipment Fund Penalty (N.J.S.A. 2C:43-3.3) | Safe Neighborhood Services Fund Assessment (N.J.S.A. 2C:43-3.2) |
|---|---|
| ☐ $ | ☑ 1   Offenses @ $ 75.00 |
| | Total: $ 75.00 |

| Probation Supervision Fee (N.J.S.A. 2C:45-1d) | Statewide Sexual Assault Nurse Examiner Program Penalty (N.J.S.A. 2C:43-3.6) |
|---|---|
| ☐ $ | ☐   Offenses @ $ |
| | Total $ |

| Transaction Fee (N.J.S.A. 2C:46-1.1) | Certain Sexual Offenders Surcharge (N.J.S.A. 2C:43-3.7) |
|---|---|
| ☐ | ☐ $ |

| Domestic Violence Offender Surcharge (N.J.S.A. 2C:25-29.4) | Sex Crime Victim Treatment Fund Penalty (N.J.S.A. 2C:14-10) |
|---|---|
| ☐ $ | ☐ $ |

| Fine | Restitution | Total Financial Obligation |
|---|---|---|
| $ | $ | $ 675.00 |

Details

---

**Additional Conditions**

☐ The defendant is hereby ordered to provide a DNA sample and ordered to pay the costs for testing of the sample provided (N.J.S.A. 53:1-20.20).

☐ The defendant is hereby sentenced to community supervision for life. (If offense occurred before 1/14/04) (N.J.S.A. 2C:43-6.4)

☐ The defendant is hereby sentenced to parole supervision for life. (If offense occurred on or after 1/14/04) (N.J.S.A. 2C:43-6.4).

☐ The defendant is hereby ordered to serve a _____ year term of parole supervision, which term shall begin as soon as defendant completes the sentence of incarceration. (N.J.S.A. 2C:43-7.2).

☐ The court imposes a restraining order pursuant to DORA. (N.J.S.A. 2C:35-5.7(h)). Restraining Order expires _____

**Findings Per N.J.S.A. 2C:47-3**

☐ The court finds that the defendant's conduct was characterized by a pattern of repetitive and compulsive behavior.

☐ The court finds that the defendant is amenable to sex offender treatment.

☐ The court finds that the defendant is willing to participate in sex offender treatment.

**License Suspension**

☐ CDS / Paraphernalia (N.J.S.A. 2C:35-16)        ☐ Waived

☐ Auto Theft / Unlawful Taking (N.J.S.A. 2C:20-2,1)

☐ Eluding (N.J.S.A. 2C:29-2)

☑ Other  MV ticket

| Number of Months | |
|---|---|
| 6 | ☐ Non-resident driving privileges revoked |

| Start Date | End Date |
|---|---|
| 01/25/2012 | 07/25/2012 |

Details

| Driver's License Number | Jurisdiction |
|---|---|
| 503252647 | NY |

If the court is unable to collect the license, complete the following:
Defendant's Address
1391 STANLEY AVENUE APT 3

| City | State | Zip |
|---|---|---|
| BROOKLYN | NY | 11208-0000 |

| Date of Birth | Sex | Eye Color |
|---|---|---|
| 04/29/1975 | ☐ M  ☐ F | |

GARRETT, MICHAEL C                    S.B.I. # 325949C   Ind / Acc / Compl # 11-04-00132-I

## Time Credits

| Time Spent in Custody<br>R. 3:21-8 | Gap Time Spent in Custody<br>N.J.S.A. 2C:44-5b(2) | Prior Service Credit |
|---|---|---|
| Date: From        – To<br>09/02/2010   – 09/11/2010<br> –<br> –<br> –<br> –<br> –<br> –<br> –<br> –<br> – | Date: From        – To<br> –<br> –<br> –<br><br>Total Number of Days _____<br><br>**Rosado Time**<br>Date: From        – To<br> –<br> –<br> –<br> –<br><br>Total Number of Days _____ | Date: From        – To<br> –<br> •<br> •<br> ▼<br> ~<br> –<br> –<br> –<br> –<br> –<br> – |
| Total Number of Days ____ 10 | | Total Number of Days |

## Statement of Reasons - include all applicable aggravating and mitigating factors

AGGRAVATING FACTORS
------------------------------------------------------------------------------------------------------

3. The risk that the defendant will commit another offense.

6. The extent of the defendant's prior criminal record and the seriousness of the offenses of which he/she has been convicted.

9. The need for deterring the defendant and others from violating the law.

MITIGATING FACTORS
------------------------------------------------------------------------------------------------------

10. The defendant is particularly likely to respond affirmatively to probationary treatment.

The facts are that on September 1, 2010, the motor vehicle which you were driving was stopped for Unsafe Lane Change and Failure to Signal When Changing Lanes. You were operating the motor vehicle while having a suspended drivers license. A search of your person revealed a Marijuana cigarette. The pre-sentence report indicates that you are 36 years old. You have no known juvenile history. As an adult, you have been convicted of Criminal Possession of a Controlled Substance, Criminal Sale of a Controlled Substance, Loitering While Intoxicated, Violation of Federal Controlled Substance Act, Firearms Violation, Intent to Distribute Cocaine on a United States Base, Driving While Ability Impaired by the Consumption of Alcohol, and Resisting Arrest. The instant offense represents your second Disorderly Persons conviction in the State of New Jersey. The court finds the following Aggravating Factors apply: (3) the risk that you will commit another offense; (6) the extent of your prior criminal record; and (9) the need for deterring you and others from violating the law. The court finds the following Mitigating Factor applies: (10) you are particularly likely to respond affirmatively to probationary treatment. The Aggravating Factors outweigh the Mitigating Factor.

| Form Prepared By | Preparer Telephone Number |
|---|---|
| EILEEN WOODS | (908) 475-6191 |

| Attorney for Defendant at Sentencing | Public Defender |
|---|---|
| JAMES R. LISA | ☐ Yes  ☑ No |

| Prosecutor at Sentencing | Deputy Attorney General |
|---|---|
| TARA J KIRKENDALL | ☐ Yes  ☑ No |

| Judge at Sentencing |
|---|
| ANN R. BARTLETT, J.S.C |

| Judge (Signature) | Date |
|---|---|
|  | 01/25/2012 |

New Jersey Judiciary, Revised Form Promulgated by Directive #14-08 (10/08/2008), CN: 10870-English          page 3 of 3
Copies to:   County Probation Division      Defendant      Defense Counsel      Prosecutor      State Parole Board      Dept of Corrections or County Penal Institution

**New Jersey Judiciary**
**Plea Form**

County _Warren_

Prosecutor File Number _10000577_

**Defendant's Name:** MICHAEL CARROLL

before Judge: BARTLETT

List the charges to which you are pleading guilty:

| Ind./Acc./Comp.# | Count | Nature of Offense | Degree | Statutory Maximum Time | Fine | VCCO Assmt* |
|---|---|---|---|---|---|---|
| 2312304-013321 | | KIDNAPPING | DP | Max 6 mos | 250.00 | 75 |
| | | POSSESSION | | Max | | |
| 53010-31-7104 ct 1 | | POSS MARIJUANA Jt 35-10(a) | Max | | |
| 093219 | | DRIVING WHILE SUSPENDED mv | Max | attached | |
| 893218 | | CARELESS DRIVING mv | Max | | |
| | | | | Total | | |

Your total exposure as the result of this plea is:

**Please Circle Appropriate Answer**

2.  a.  Did you commit the offense(s) to which you are pleading guilty?  [Yes] [No]

   b.  Do you understand that before the judge can find you guilty, you will have to tell the judge what you did that makes you guilty of the particular offense(s)?  [Yes] [No]

3.  Do you understand what the charges mean?  [Yes] [No]

4.  Do you understand that by pleading guilty you are giving up certain rights? Among them are:

   a.  The right to a jury trial in which the State must prove you guilty beyond a reasonable doubt?  [Yes] [No]

   b.  The right to remain silent?  [Yes] [No]

   c.  The right to confront the witnesses against you?  [Yes] [No]

   d.  Do you understand that by pleading guilty you are not waiving your right to appeal (1) the denial of a motion to suppress physical evidence (R. 3:5-7(d)) or (2) the denial of acceptance into a pretrial intervention program (PTI) (R. 3:28(g))?  [Yes] [No]

   e.  Do you further understand that by pleading guilty you are waiving your right to appeal the denial of all other pretrial motions except the following:  [Yes] [No]

   _YES_

---

* Victims of Crime Compensation Office Assessment

Defendant's Initials _____

## MV Ticket Sentencing Exposure Information for Plea

Ticket No. 893219 _____ Municipality _Frelinghuysen_

Statute No. 39:3-40 _____ Offense _Driving while Suspended_

    If DUI/DWS:

       ☑ 1st offense      ___ 2nd offense     ___ 3rd or subsequent offense

Minimum Fine $ _____     Maximum Fine $ 500     Presumptive Fine $ _____

Mandatory Jail ___    Maximum Jail _____    DL suspension 6 (mos./yrs)

    Other DUI penalties:

___ VCCB ($50)     ___ SNSF ($75)     ___ DUI Surcharge ($100)     ___ DDEF ($75)

___ hours IDRC     ___ days Community Service

___ years interlock device or ___ years registration revocation

---

Ticket No. 893218 _____ Municipality _Frelinghuysen_

Statute No. 39:4-97 _____ Offense _Careless Driving_

    If DUI/DWS:

        ___ 1st offense      ___ 2nd offense     ___ 3rd or subsequent offense

Minimum Fine $ 100     Maximum Fine $ 400     Presumptive Fine $ _____

Mandatory Jail ___    Maximum Jail 15 days DL suspension ___ mos./yrs

    Other DUI penalties:

___ VCCB ($50)     ___ SNSF ($75)     ___ DUI Surcharge ($100)     ___ DDEF ($75)

___ hours IDRC     ___ days Community Service

___ years interlock device or ___ years registration revocation

5. Do you understand that if you plead guilty:

a. You will have a criminal record?  [Yes] [No]

b. Unless the plea agreement provides otherwise, you could be sentenced to serve the maximum time in confinement, to pay the maximum fine and to pay the maximum Victims of Crime Compensation Agency Assessment?  [Yes] [No]

c. You must pay a minimum Victims of Crime Compensation Agency assessment of $50 ($100 minimum if you are convicted of a crime of violence) for each count to which you plead guilty? (Penalty is $30 if offense occurred between January 9, 1986 and December 22, 1991 inclusive. $25 if offense occurred before January 1, 1986.) [Yes] [No]

d. If the offense occurred on or after February 1, 1993 but was before March 13, 1995, and you are being sentenced to probation or a State correctional facility, you must pay a transaction fee of up to $1.00 for each occasion when a payment or installment payment is made? If the offense occurred on or after March 13, 1995 and the sentence is to probation, or the sentence otherwise requires payments of financial obligations to the probation division, you must pay a transaction fee of up to $2.00 for each occasion when a payment or installment payment is made?  [Yes] [No]

e. If the offense occurred on or after August 2, 1993 you must pay a $75 Safe Neighborhood Services Fund assessment for each conviction? [Yes] [No]

f. If the offense occurred on or after January 5, 1994 and you are being sentenced to probation, you must pay a fee of up to $25 per month for the term of probation? [Yes] [No]

g. If the crime occurred on or after January 9, 1997 you must pay a Law Enforcement Officers Training and Equipment Fund penalty of $30? [Yes] [No]

h. You will be required to provide a DNA sample, which could be used by law enforcement for the investigation of criminal activity, and pay for the cost of testing? [Yes] [No]

i. Computer Crime Prevention Fund Penalty, N.J.S.A. 2C:43-3.8 (L. 2009, c. 143). If the crime involves a violation of N.J.S.A. 2C:24-4b(5)(b) (knowingly possessing or knowingly viewing child pornography, N.J.S.A. 2C:34-3 (selling, distributing or exhibiting obscene material to a person under age 18) or an offense involving computer criminal activity in violation of any provision of Title 2C, chapter 20, you will be assessed a mandatory penalty as listed below for each offense for which you pled guilty? [Yes] [No]

(1) $2,000 in the case of a 1st degree crime
(2) $1,000 in the case of a 2nd degree crime
(3) $ 750 in the case of a 3rd degree crime
(4) $ 500 in the case of a 4th degree crime
(5) $ 250 in the case of a disorderly persons or petty disorderly persons offense

Total CCPF Penalty $ _____

6. Do you understand that **the court could**, in its discretion, impose a minimum time in     [Yes]  (No)
   confinement to be served before you become eligible for parole, which period could be as
   long as one half of the period of the custodial sentenced imposed?

7. Did you enter a plea of guilty to any charges **that require a mandatory period of parole**     [Yes]  (No)
   ineligibility or a mandatory extended term?
   a. If you are pleading guilty to such a charge, the minimum mandatory period of parole
      ineligibility is _____ years and _____ months (fill in the number of years/months) and
      the maximum period of parole ineligibility can be _____ years and _____ months (fill in
      the number of years/months) and this period cannot be reduced by good time, work, or
      minimum custody credits.

   b. If you are pleading guilty to such a charge, the minimum mandatory extended term is
      _____ years and _____ months (fill in the number of years/months) and the maximum
      mandatory extended term can be _____ years and _____ months (fill in the number of
      years/months).

8. Are you pleading guilty to a crime that contains a presumption of imprisonment which     [Yes]  (No)
   means that it is almost certain that you will go to state prison?

9. Are you presently on probation or parole?                                                [Yes]  (No)
   a. Do you realize that a guilty plea may result in a violation of your probation or        [Yes]   No   (NA)
      parole?

10. Are you presently serving a custodial sentence on another charge?                       [Yes]  (No)
    a. Do you understand that a guilty plea may affect your parole eligibility?               [Yes]   No   (NA)

11. Do you understand that if you have plead guilty to, or have been found guilty on         [Yes]  [No]  (NA)
    other charges, or are presently serving a custodial term and the plea agreement is
    silent on the issue, the court may require that all sentences be made to run
    consecutively?

12. List any charges the prosecutor has agreed to recommend for dismissal:

| Ind./Acc./Compl.# | Count | Nature of Offense and Degree |
|---|---|---|
| 2011-09-0321 | 01/02 | DISMISS ALL INDICTABLE & offenses |
| | | DWI + Poss of Heroin |
| | | |
| | | |

13. Specify any sentence the prosecutor has agreed to recommend:

PLEAD TO THE DP – _____ – w/ as a condition up
TD 120 DAYS IN COUNTY JAIL. A will apply TD
AD PROSECUTOR will not object TV B. applying to CLAP PROGRAM
                    There no position

---



**14.** Has the prosecutor promised that he or she will NOT:

    **a.** Speak at sentencing?                                                           [Yes] [No]

    **b.** Seek an extended term of confinement?                          [Yes] [No]

    **c.** Seek a stipulation of parole ineligibility?                     [Yes] [No]

**15.** Are you aware that you must pay restitution if the court finds there is a victim who   [Yes]  [No]  [NA] has suffered a loss and if the court finds that you are able or will be able in the future to pay restitution?

**16.** Do you understand that if you are a public office holder or employee, you can be   [Yes]  [No]  [NA] required to forfeit your office or job by virtue of your plea of guilty?

**17. a.** Are you a citizen of the United States?                                      [Yes] [No]

    If you have answered "No" to this question, you must answer Questions 17b – 17f. If you have answered "Yes" to this question, proceed to Question 18

    **b.** Do you understand that if you are not a citizen of the United States, this guilty   [Yes] [No] plea may result in your removal from the United States and/or stop you from being able to legally enter or re-enter the United States?

    **c.** Do you understand that you have the right to seek individualized advice from an attorney  [Yes] [No] about the effect your guilty plea will have on your immigration status?

    **d.** Have you discussed with an attorney the potential immigration consequences of   [Yes] [No] your plea? If the answer is "No," proceed to question 17e. If the answer is "Yes," proceed to question 17f.

    **e.** Would you like the opportunity to do so?                               [Yes] [No]

    **f.** Having been advised of the possible immigration consequences and of your   [Yes] [No] right to seek individualized legal advice on your immigration consequences, do you still wish to plead guilty?

**18. a.** Do you understand that pursuant to the rules of the Interstate Compact for Adult Offender  [Yes] [No] Supervision if you are residing outside the State of New Jersey at the time of sentencing n/a that return to your residence may be delayed pending acceptance of the transfer of your supervision by your state of residence?

    **b.** Do you also understand that pursuant to the same Interstate Compact transfer of your   [Yes] [No] supervision to another state may be denied or restricted by that state at any time after n/a sentencing if that state determines you are required to register as a sex offender in that state or if New Jersey has required you to register as a sex offender?

**19.** Have you discussed with your attorney the legal doctrine of merger?          [Yes]  [No]  [NA]

20. Are you giving up your right at sentence to argue that there are charges you pleaded  [Yes]  [No]  [NA]
guilty to for which you cannot be given a separate sentence?

21. List any other promises or representations that have been made by you, the prosecutor, your defense
attorney, or anyone else as a part of this plea of guilty:

NONE

22. Have any promises other than those mentioned on this form, or any threats, been made in    [Yes]  [No]
order to cause you to plead guilty?

23. a. Do you understand that the judge is not bound by any promises or recommendations of   [Yes]  [No]
the prosecutor and that the judge has the right to reject the plea before sentencing you and
the right to impose a more severe sentence?

b. Do you understand that if the judge decides to impose a more severe sentence than    [Yes]  [No]
recommended by the prosecutor, that you may take back your plea?

c. Do you understand that if you are permitted to take back your plea of guilty because of   [Yes]  [No]
the judge's sentence, that anything you say in furtherance of the guilty plea cannot be
used against you at trial?

24. Are you satisfied with the advice you have received from your lawyer?   [Yes]  [No]

25. Do you have any questions concerning this plea?   [Yes]  [No]

Date _10/20/11_   Defendant _____

Defense Attorney _____

Prosecutor _____

[ ] This plea is the result of the judge's conditional indications of the maximum sentence he or she would
impose independent of the prosecutor's recommendation. Accordingly, the "Supplemental Plea Form for
Non-Negotiated Pleas" has been completed.



New Jersey Judiciary
**Supplemental Plea Form for Drug Offenses**

The following additional questions need to be answered only if you are pleading guilty pursuant to an offense under *N.J.S.A.* 2C:35-1 et seq. or *N.J.S.A.* 2C:36-1 et seq.

1. Have you and the Prosecutor entered into any agreement to provide for   [Yes]   
   a lesser sentence or period of parole ineligibility than would otherwise
   be required? (If yes, be sure to include in questions 12 and 13 above).

2. Do you understand that if you plead guilty:

   a. You will be required to forfeit your driver's license for a period of   [Yes]   [No]
      time from 6 to 24 months, unless the court finds compelling
      circumstances warranting an exception?

   b. You will be required to pay a forensic laboratory fee of $50 for each   [Yes]   [No]
      offense for which you plead guilty?

   c. You will be required to pay a mandatory drug enforcement and   [Yes]   [No]
      demand reduction (D.E.D.R.) penalty as listed below for each
      offense for which you plead guilty?

   The mandatory penalties are as follows:

   (1) $3,000 in the case of a 1st degree crime
   (2) $2,000 in the case of a 2nd degree crime
   (3) $1,000 in the case of a 3rd degree crime
   (4) $ 750 in the case of a 4th degree crime
   (5) $ 500 in the case of a disorderly persons or petty
       disorderly persons offense

   TOTAL D.E.D.R. Penalty    $ 500. 00

   Date: 10/20/11      Defendant: _Michael Gantt_
   Defense Attorney:
   Prosecutor: _Marc J. Kulendai_